**Daniel Snyder, OSB No. 783856**
dansnyder@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
        Of Attorneys for Plaintiff

<br>

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

<br>

| | |
|---|---|
| **BILL BARRIER**, | Case No. 3:18-cv-1084 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| | ADA Discrimination and Retaliation, violation of procedural due process, and supplemental state law claims |
| **CITY OF THE DALLES**, a municipality, **DAVID ANDERSON**, an individual, **JULIE KRUEGER**, an individual, and **DANIEL HUNTER**, an individual, | |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

## I. <u>INTRODUCTION</u>

1.      Plaintiff brings this action to remedy violations of his statutory rights under Title I

of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112, violations of his procedural

PAGE 1 – COMPLAINT

due process rights under the Fifth and Fourteenth Amendments to the U.S. Constitution, as well as supplementary state claims. Plaintiff seeks equitable relief as well as compensatory damages, attorneys' fees and costs.

## II. JURISDICTION

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3.      Plaintiff requests this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law as the state claims arise from the same nucleus of operative facts as the federal claims.

4.      All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

        a.      On December 13, 2017, Plaintiff filed a charge of employment discrimination and retaliation with the Oregon Bureau of Labor and Industries (BOLI), case number DPEMDP171213-71646, for violation of Title VII of the Civil Rights Act of 1964 and Oregon Unlawful Employment Practice. BOLI co-filed a charge with the Equal Employment Opportunity Commission (EEOC), charge number J8D-20i8-00140C.

        b.      On April 23, 2018, BOLI issued Plaintiff a right to sue letter for case number DPEMDP171213-71646.

5.      Venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

PAGE 2 – COMPLAINT

### III. PARTIES

6.      Plaintiff Bill Barrier is a citizen of the United States. At all times material, Plaintiff worked for defendant in Wasco County, Oregon.

7.      Defendant City of The Dalles is an Oregon Municipal Corporation. The City conducts business in The Dalles, Wasco County, Oregon. At all material times, Defendant City had more than 50 employees.

8.      Defendant Julie Krueger was, at all relevant times, the City Manager for the City.

9.      Defendant Daniel Hunter was, at all relevant times, the Human Resources Director for the City.

10.      David Anderson was, at all relevant times, the Director for the Public Works Department of the City.

11.      Krueger, Hunter and Anderson acted under color of law in depriving Barrier of his federally protected rights.

12.      At all times relevant, the City's employees and supervisors as their conduct is alleged herein were acting within the course and scope of their employment with the defendant.

### IV. GENERAL FACTUAL ALLEGATIONS

13.      Barrier worked for the City for more than 24 years as a manger in its Public Works department.

14.      In February 2012, Barrier ruptured a tendon in his right foot at home, in a non-work-related accident.

15.      Later in 2012, Barrier had multiple surgeries on his right foot.

PAGE 3 – COMPLAINT

16.    In November 2013 Barrier slipped on a rug, fell on a concrete floor, and hit his head. In the accident, Barrier's left thumb was bent back to his arm and his lumbar disks were severely compressed due to this incident.

17.    In April 2013, a group of SAIF workers came to his work to discuss the number of accidents with his staff. The SAIF employees presented a bar graph of accidents city-wide. Barrier's SAIF claims person was among the group of SAIF workers. As the presentation went on, they used an example of someone falling, and hurting themselves badly. Barrier felt targeted and uneasy about the presentation since this appeared to be referencing his accident.

18.    In 2014, Barrier had lower lumbar surgery from his fall back in 2013.

19.    In 2014, Barrier had a Spinal Stimulator installed in his back for his right foot issue.

20.    In 2014-2015, Barrier had a left thumb assessment performed by Cascade Orthopedics due to his fall in 2013.

21.    From 2014 to the present, Barrier treated at Columbia Pain Management for cephalalgia, left thumb and wrist pain, and concussion symptoms.

22.    On June 9, 2014, Barrier attended a council meeting. The City's mayor, Steve Lawrence berated the representatives from Public Works Department about the number of injuries. This was clearly in reference to Barrier's injuries. The city manager eventually dissuaded Lawrence from continuing out of evident fear that what he was saying was inappropriate.

23.    In 2015, Barrier damaged his upper back while pulling on an asphalt distributer valve handle.

PAGE 4 – COMPLAINT

24.    On September 21, 2015, an editorial in The Dalles Chronical appeared concerning

the termination of Nolan Young, the city manager. The editorial states that Lawrence "told a

reporter after first taking office in 2013 that firing Young was his first order of business." The

editorial goes on to state that Lawrence

>    inadvertently emailed his "Things to Accomplish List" to the
>    Chronicle last December [2014] that included: "Get rid of city
>    manager and hire a replacement who can go through departments
>    and get rid of dead wood …" Also on his hit list are two
>    department heads and a part-time employee (names withheld to
>    protect their privacy).

25.    Barrier was one of the department heads referenced in Lawrence's "Things to

Accomplish List."

26.    In 2015, Anderson came into the yard while Barrier was working with crewmen

on the old distributer in the public works yard. As Anderson and Barrier were walking towards

the shop door he said openly so others could hear, "Better watch out or [Barrier] will hit you

with his stick," referring to the walking stick Barrier was forced to use because of his

injuries/disability. Barrier was embarrassed by these comments.

27.    In 2015, Lawrence invited anyone with an issue to discuss to meet with him. A

public works employee went to lunch to discuss issues with Lawrence. Lawrence then asked how

many times Barrier had been hurt. The employee answered "a few," and Lawrence said "Oh,

more than a few."

28.    In 2016, Barrier underwent multiple surgeries on his right foot.

29.    On February 9, 2017, while sanding school bus routes in an early morning ice,

Barrier went out to fix a broken chain link and fell hard in the ice.

**Law Offices of Daniel Snyder**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

30.     On February 9, Anderson called Barrier in to discuss two topics: (1) not talking about bald tires on the radio and (2) that one of his crewmen had parked at 4th and Union St. for more than a half-hour. Those were the only topics discussed during that conversation.

31.     On February 10, 2017, his shoulder was still very sore from his fall the day before. Barrier filled out a city accident form and turned it in.

32.     On February 13, 2017, his shoulder continued to pop and lock back in and out of position. At that point Barrier knew he needed to see someone regarding his injury. Barrier filled out a SAIF 801 form and went to Cascade Orthopedics.

33.     On February 14, 2017, Barrier was in the shop overseeing some of the work by the two department mechanics under his supervision. Barrier slipped badly on a rug placed on the slick concrete floor by the janitorial service. Barrier did not fall down but it was a very close call so he turned in a near miss slip to the safety committee.

34.     On March 31, 2017, Anderson sent Barrier a letter marked "confidential." This letter, which Barrier did not receive until April 11, 2017, contained allegations of safety concerns and complaints received during the winter operations. Neither of these issues had been raised at the time they occurred and these issues had not been referenced when Anderson and Barrier met in February.

35.     On April 27, 2017, Barrier, Anderson, and Hunter met concerning alleged safety concerns and complaints received during the winter operations.

36.     On May 22, 2017, Barrier received an email asking him to be at City Hall at 8:00 a.m. that day. Barrier went to City Hall. Anderson handed him his final termination letter. The letter raised allegations of misconduct that occurred prior to plaintiff's February 14, 2017, workers' compensation claim. The allegations were false. Defendant did not discipline or even

PAGE 6 – COMPLAINT

speak with Barrier until after he filed a workers' compensation claim. The alleged safety concerns discussed in the meeting on April 27, 2017, were not raised. The letter also refers to allegations from 2001, 2006, 2008 and 2013. The termination letter raised numerous issues that were not contained in prior correspondence.

37.    In response to the Employment Department's inquiries concerning the provision of unemployment benefits, defendant indicated that the reason for termination was for "general dissatisfaction" and not for misconduct.

## V. CLAIMS FOR RELIEF

### CLAIM I

**(ORS 659A.040 – Injured Worker Discrimination and Retaliation – against the City)**

38.    Plaintiff realleges all relevant paragraphs.

39.    Defendant discriminated and retaliated against Plaintiff by terminating his employment. Defendant's actions violated ORS 659A.040, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

40.    Defendant terminated Plaintiff's employment in substantial part because of one or more of the following:

(A)    Plaintiff reported an on-the-job injury;

(B)    Plaintiff applied for benefits, invoked or utilized the procedures provided in ORS Chapter 656;

(C)    Plaintiff was on light duty for Plaintiff's on-the-job injury as specified by Plaintiff's surgeon and physicians.

41.    Defendant's stated reasons for terminating plaintiff were false and pretext for discrimination.

PAGE 7 – COMPLAINT

42.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## CLAIM II

### (ORS 659A.112 – Disability Discrimination – against the City)

43.    Plaintiff realleges all relevant paragraphs.

44.    Plaintiff is a 'disabled person' as defined by ORS 659A.104(1).

45.    Defendant is an 'employer' as defined by ORS 659A.106.

46.    After Plaintiff disclosed Plaintiff's disability to defendant, defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on defendant's failure to reasonably accommodate Plaintiff, disparate treatment, and retaliation.

47.    Defendant failed to engage in the interactive process with Plaintiff.

48.    Plaintiff could perform the essential functions of Plaintiff's job with defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

49.    Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against Plaintiff due to Plaintiff's disability pursuant to ORS 659A.103 et seq.

50.    As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## CLAIM III

### (42 U.S.C. § 12112 – Disability Discrimination – against the City)

51.    Plaintiff realleges all relevant paragraphs.

52.    At all times material, defendant was an employer for the purpose of, and subject to, the ADA.

PAGE 8 – COMPLAINT

53.     Plaintiff has impairments arising from his back, shoulder, neck and foot injuries, as alleged above, that substantially limit major life activities including, but not limited to, performing manual tasks, standing, walking, lifting, and bending. Plaintiff has a history or record of such impairment and was regarded by defendant as having such impairment by defendant.

54.     After Plaintiff disclosed Plaintiff's disability to defendant, defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

55.     Defendant failed to engage in the interactive process with Plaintiff.

56.     At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

57.     Defendant conduct violated 42 U.S.C. § 12112.

58.     As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## CLAIM IV

### (ORS 659A.199 – Whistleblower – against the City)

59.     Plaintiff realleges all relevant paragraphs.

60.     Plaintiff reported to Defendant conduct that Plaintiff believed was evidence of a violation of state or federal law, rule, or regulation.

61.     Defendant discriminated and retaliated against Plaintiff because of the report made by Plaintiff.  Defendant's actions violated ORS 659A.199, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

PAGE 9 – COMPLAINT

62.     As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## CLAIM V

### (ORS 659A.199 – Whistleblower – against the City)

63.     Plaintiff realleges all relevant paragraphs.

64.     Plaintiff disclosed to Defendant conduct that Plaintiff believed was evidence of a violation of state or federal law, rule, or regulation.

65.     Defendant discriminated and retaliated against Plaintiff because of the report made by Plaintiff.  Defendant's actions violated ORS 659A.203, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

66.     As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

## CLAIM VI

### (ORS 654.062 – Whistleblower – against the City)

67.     Plaintiff realleges all relevant paragraphs.

68.     Plaintiff reported health and safety violations to defendant.

69.     Defendant discriminated and retaliated against Plaintiff because of the report made by Plaintiff.  Defendant's actions violated ORS 654.062, are an unlawful employment practice, and caused Plaintiff economic and noneconomic damages.

70.     As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

PAGE 10 – COMPLAINT

## DAMAGES FOR CLAIMS I-VI

71.    Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

72.    Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

73.    Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

74.    Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

75.    Plaintiff is entitled to a declaration that the conduct of the Defendant violated ORS 654.062, ORS 659A.040, ORS 659A.112, ORS 659A.199, ORS 659A.203, and 42 U.S.C. § 12112.

76.    Plaintiff is entitled to equitable relief, including, but not limited to, reinstatement to employment with defendant, as well as an award of back pay and lost benefits.  If appropriate, Plaintiff should be reinstated and awarded past economic damages in an amount determined fair by a jury.

77.    If reinstatement is not appropriate, then Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other

PAGE 11 – COMPLAINT

compensatory damages for future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

78.     Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

79.     Defendant's acts were willful and malicious and done with reckless indifference to Plaintiff's protected rights.  Defendants should be assessed punitive damages in an amount as fixed by a jury to punish defendant and to deter such conduct in the future.

80.     To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

81.     Pursuant to ORS 659A.885, ORS 20.107, and 42 U.S.C. § 12117 the Plaintiff is entitled to recover his reasonable attorney fees and costs, including expert witness fees.

82.     Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## CLAIM VI

### (42 U.S.C. § 1983 – Procedural Due Process – against Anderson, Hunter and Krueger)

83.     Plaintiff alleges all prior relevant paragraphs as if fully set forth herein.

84.     Plaintiff had a property right to continued employment with Defendants.

85.     Anderson, Hunter and Krueger, while acting under color of state law, violated Plaintiff's procedural due process, as guaranteed by the Fifth Amendment to the Constitution of the United States of America and extended to the States by the Fourteenth Amendment, by

PAGE 12 – COMPLAINT

terminating Plaintiff's employment without (a) providing prior notice of the charges against him, (b) without providing prior notice of the sanctions being considered, (c) without providing Plaintiff an opportunity to refute the charges and (d) without providing him with a pre-termination hearing. Defendants did not provide Plaintiff a fair opportunity to be heard prior to terminating his employment.

86.      The action taken by Defendants to deny Plaintiff a hearing, thereby denying Plaintiff an opportunity to show that the discipline was not for cause. The action was made in bad faith and with the intent to harm Plaintiff's fundamental right to pursue his livelihood.

87.      Anderson, Hunter and Krueger actions represented official policies, practices, customs, and usages of Defendants.

88.      As a direct and proximate result of Anderson, Hunter and Krueger's unlawful conduct, Plaintiff has suffered lost income and benefits, and will continue to suffer lost income and benefits, including pre-judgment interest, all to his economic damages in an amount to be determined at trial.

89.      As a further direct and proximate result of that conduct, Plaintiff has suffered and will continue to suffer from emotional distress and is entitled to an award of compensatory damages.

90.      Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees, expert fees, and costs incurred herein.

91.      To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of pre-judgment interest at the legal rate from the date the damage occurred until the date of judgment.

PAGE 13 – COMPLAINT

92.    Plaintiff is entitled to post-judgment interest on all damages, costs, expenses, and

fees from the date of judgment until the date paid.

## VI. PRAYER FOR RELIEF

Plaintiff prays for the following judgment against defendant:

(a).    A sum which will fully compensate Plaintiff for his non-economic damages in a

sum that is just as determined by a jury;

(b).    A sum which will fully compensate Plaintiff for his economic damages in a sum

that is just as determined by a jury;

(c).    Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

(d).    Punitive damages;

(e).    Plaintiff's costs and disbursements incurred herein;

(f).    Plaintiff's attorney fees; and

(g).    For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: June 20, 2018

> **Law Offices of Daniel Snyder**
>
>   _/s/ John Burgess_
> John David Burgess, OSB 106498
> johnburgess@lawofficeofdanielsnyder.com
> Daniel Snyder, OSB No. 783856
> dansnyder@lawofficeofdanielsnyder.com
> Carl Post, OSB No. 06105
> carlpost@lawofficeofdanielsnyder.com
> Tel: (503) 241-3617 / Fax: (503) 241-2249
> Of Attorneys for Plaintiff

PAGE 14 – COMPLAINT